UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALEX HAMILTON, JR.

VERSUS                                              CIVIL ACTION

WILSON FIELDS, ET AL                                NUMBER 11-499-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 25, 2011.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALEX HAMILTON, JR.

VERSUS                                                CIVIL ACTION

WILSON FIELDS, ET AL                                  NUMBER 11-499-JJB-SCR

MAGISTRATE JUDGE'S REPORT

This case is before the court following a hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). For the reasons which follow, the plaintiff's complaint should be dismissed.

**Background**

Pro se plaintiff Alex Hamilton, Jr. filed this action pursuant to 42 U.S.C. § 1983 against the Nineteenth Judicial District Court Judge Wilson Fields and attorney Arthur H. Andrews.[1] Plaintiff alleged that Judge Fields improperly allowed Andrews to obtain judgments against the plaintiff, and that Judge Fields is biased against the plaintiff and discriminated against the plaintiff because of his race. Both Judge Fields and the plaintiff are black.

---

[1] Plaintiff also sought relief under 28 U.S.C. § 1652, the All Writs Act. The All Writs Act does not create federal subject matter jurisdiction and is not a basis for granting relief in this case.

At the *Spears* hearing the plaintiff explained that Andrews sued him to recover insurance payments made by Andrews' client, an insurance company, to its insured arising out of a June 2005 automobile accident. Plaintiff asserted that during the course of the state court case, Andrews improperly obtained default judgments, which Judge Fields signed, at least one of which was later set aside or otherwise invalidated. Also, Judge Fields issued a separate judgment against the plaintiff to sanction him for conduct occurring during the case. Plaintiff asserted that Judge Fields discriminated against him because Judge Fields believed the testimony of a white female witness rather than the plaintiff. The witness was the driver of the other vehicle involved in the accident. Plaintiff has not appealed either the sanction judgment or the final judgment rendered in favor of Andrews' client. Plaintiff sought declaratory relief and an injunction prohibiting execution of the judgments. Plaintiff did not seek an award of damages from either defendant.

**Applicable Law**

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir.

1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915 may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

A § 1983 complaint must plead specific facts and allege a cognizable constitutional violation in order to avoid dismissal for failure to state a claim. *Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir. 1986).

An attorney, whether retained or appointed in any proceeding, owes his only duty to his client and not to the public or the state. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981). Because a private attorney's role is independent from the role of the state, an attorney's conduct, by mere representation of his client, is not chargeable to the state. *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974). A private, retained attorney does not act under color of state law and cannot be held liable under the Civil Rights Act in the absence of an actionable conspiracy. *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978).

To establish a cause of action based on a conspiracy the plaintiff must show that the defendants agreed to commit an illegal act. *Arseneaux v. Roberts*, 726 F.2d 1022 (5th Cir. 1982). Conspiracy allegations must be more than conclusory; more than a blanket of accusation is necessary to support a § 1983 claim. *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820 (1984); *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987); *Arseneaux v. Roberts, supra*.

It is beyond the power of the federal court to enjoin the effect of a state court judgment. *Eitel v. Holland*, 787 F.2d 995, 997 (5th Cir. 1986). Federal courts do "not have appellate jurisdiction to review, modify or nullify a final order of a state court," and a plaintiff may not seek to reverse a state court judgment by bringing a civil rights action. *Id*. (quoting *American Furniture Co. v. International Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981)). It is well-established that "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743 (1970); *see also, District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482 & n. 16, 103 S.Ct. 1303,

4

1311, 1315 & n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416, 44 S.Ct. 149, 150 (1923).

**Analysis**

**Claim against Judge Fields**

Plaintiff accused Judge Fields of unlawful racial discrimination for two reasons: he found a white female to be a more credible witness than the plaintiff, and because he issued judgments against the plaintiff imposing sanctions and awarding damages to Andrews' client.[2] Neither reason provides a legal basis to find that Judge Fields discriminated against the plaintiff. It is simply not the law that a state court judge commits unlawful racial discrimination when he finds the testimony of a white female witness more credible than the testimony of a black male witness. Nor is it unlawful discrimination for a state court judge to impose sanctions on a black litigant for misconduct occurring during the course of a judicial proceeding, or to enter a judgment against a black litigant.[3] If the plaintiff believes either the imposition of sanctions or the judgment on the merits is improper under state law, he can seek relief from the state appellate court.

---

[2] At the *Spears* hearing the plaintiff was unable to produce a copy of the judgment in favor of Andrews' client.

[3] Furthermore, the plaintiff alleged that his "complaint is not to the merits of the State Court litigation." Record document number 1, p. 3.

5

**Claim against Andrews**

Andrews was acting as a private attorney representing a client in a civil suit. Absent an actionable conspiracy with a state official, Andrews was not a state actor. Plaintiff did not allege a conspiracy. To the extent his complaint and assertions at the *Spears* hearing can be interpreted to allege a conspiracy between Andrews and Judge Fields, based on Judge Fields signing the judgments submitted by Andrews, the allegations made by the plaintiff are not supported by any facts and are conclusory. The fact that Judge Fields issued a judgment in favor of Andrews' client is not evidence of a conspiracy.

**Federal court review of state court judgments**

This court does not sit as an appellate court to review the merits of a state court judgment rendered in a civil case. Nor can this court enjoin the execution of a state court judgment absent a violation of federal law. Plaintiff's allegations against Judge Fields and Andrews are not sufficient to assert any violation of federal law. Insofar as the plaintiff argued that the judgments issued by Judge Fields violate state law, he may seek review of the judgments in the state appellate courts.

**Conclusion**

Plaintiff's claims have no arguable basis in fact and in law and it is clear that his claims have no realistic chance of

ultimate success.  Plaintiff's claims should be dismissed as frivolous within the meaning of 28 U.S.C. § 1915(e).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous, without prejudice to the plaintiff pursuing relief under applicable state law in the state courts.

Baton Rouge, Louisiana, August 25, 2011.

*Signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE